UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KIM ROSARIO,

    Plaintiff,

vs.

NCL (Bahamas), LTD., a Bermuda Company
d/b/a NORWEGIAN CRUISE LINE

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

    Plaintiff, KIM ROSARIO, by and through her undersigned attorneys, hereby sues the Defendant, NCL (Bahamas) LTD., d/b/a NORWEGIAN CRUISE LINE (hereinafter referred to as "NCL" and alleges:

**COUNT I**
**NEGLIGENCE OF NCL**

    1.    This is an action for damages that exceed $75,000.00, exclusive of attorney's fees, interest and costs.

    2.    This court has jurisdiction pursuant to 28 United States Code § 1332(a).

    3.    Plaintiff is an adult resident of Stroudsburg, Pennsylvania.

    4.    The Defendant, NCL (Bahamas) Ltd., doing business as Norwegian Cruise Line (hereinafter "NCL""), is a foreign for profit corporation authorized to do business and doing business in Dade County, Florida.

5. NCL's principal office is located at or near 7665 Corporate Center Drive, Miami, Florida 33126.

6. At all times material hereto, NCL owned and/or operated a cruise ship, known as the M/S Norwegian Breakaway.

7. On or about December 16, 2015, Kim Rosario (hereinafter referred to as "Plaintiff"), was a fare paying passenger on the MS Norwegian Breakaway. As part of the Plaintiff's cruise, the Defendant offered the Plaintiff and other passengers the opportunity to spend the day at Great Stirrup Cay at a facility operated by the Defendant. The only way to get to Great Stirrup Cay from the M/S Breakaway was by tender or landing craft owned, operated or controlled by the Defendant. After spending the day at Great Stirrup Cay, the Plaintiff was directed by the Defendant's agents or employees to board a tender and/or landing craft to leave the island. There was no other way for the Plaintiff to return to the vessel. In order to board the tender or landing craft, the Plaintiff was directed by the Defendant to walk up a steep ramp while water was sent down the ramp in a stream and the only means of support was a flimsy rope that provided no support to the Plaintiff. As a result of the combination of slope, water, lack of a fixed handrail and inadequate crowd control, the Plaintiff fell suffering a severe injury to her arm resulting in surgery.

8. At said time, NCL owed a duty to its passengers, generally, and to Plaintiff, specifically, to operate its cruise ship business in a reasonably safe manner and to maintain its said cruise ship, the MS Norwegian Breakaway, in a reasonably safe condition, to maintain said cruise ship including any and all tenders, in a reasonably safe condition, to include inspection of the tenders and/or landing crafts. NCL failed to exercise reasonable care in the maintenance of

its tender and/or landing craft by doing or failing to do one or more of the following, each of which constituted negligence:

a. Negligently operating the tender embarkation process to the point where the Defendant directed and/or produced streams of water on the Plaintiff's feet and/or lower extremity as Ms. Rosario was entering the tender and specifically while Ms. Rosario was ascending the landing craft rear/aft portion;

b. Failing to have proper stanchions and/or hand rails for passengers such as Ms. Rosario who were embarking the tender/landing craft while water was being directed to their feet on an inclined slope.

c. NCL failed to warn its passengers, including Ms. Rosario, of the dangerous condition that it created and/or allowed to remain on the deck and specifically failed to offer reasonable alternatives to the Plaintiff to enter the tender/landing craft;

d. NCL failed to have proper personnel and/or properly trained personnel and/or adequate personnel to assist passengers who were embarking on the tender/landing craft.

e. NCL failed to provide adequate floor mats and/or non-skid material on the aft portion of the landing craft/tender where Plaintiff was embarking and/or failed to have an appropriate number of personnel available to assist passengers at the area of embarkation;

f. NCL failed to have adequate crowd control and/or maintenance such that passengers were hurried and/or rushed into the aft portion of the landing craft while water was being injected onto their feet with an absence of appropriate stanchions and/or hand rails.

9. As a direct and proximate result of the negligence of NCL as set forth above, Plaintiff slipped and fell on said landing craft and suffered serious and permanent injuries to her arm resulting in surgery, the placement of pins and screws and Plaintiff was forced to miss work,

suffer wage loss, incur medical expenses for the treatment of her injuries, suffered mental anguish, physical handicap, future earning capacity was impaired and Plaintiff further suffered the loss of enjoyment of life.  Plaintiff's injuries are permanent and continuing in nature and Plaintiff will continue to suffer said losses in the future.

WHEREFORE, Plaintiff, Kim Rosario, hereby demands judgment for damages against the Defendant, for an amount in excess of $75,000.00, exclusive of attorney's fees, but inclusive of pre-judgment interest and costs, and trial by jury of all issues triable as a matter of right.

## COUNT II
## NEGLIGENCE OF NCL - HIGHER STANDARD OF CARE

10. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 9 above as though the same were herein fully set forth at length.

11. Plaintiff's embarkation upon the NCL Tender/Landing Craft is unique to the act of embarking/disembarking passengers on a tender/landing craft and is unique to Maritime Law, Maritime activities, and as such, Defendant owes Plaintiff the highest standard of care.

12. NCL failed to exercise the highest standard of care to Plaintiff in its mode or method of embarking Plaintiff and others similarly aboard the tender by having streams of water placed on the aft portion of the tender, the absence of fixed stanchions and/or similar material that Plaintiff could hold on to and further having Plaintiff walk over a surface that, when combined with the water and lack of stanchions made the same unreasonably dangerous.

13. As a direct and proximate result of the negligence of NCL as set forth above, Plaintiff slipped and fell on said landing craft and suffered serious and permanent injuries to her arm resulting in surgery, the placement of pins and screws and Plaintiff was forced to miss work, suffer wage loss, incur medical expenses for the treatment of her injuries, suffered mental anguish, physical handicap, future earning capacity was impaired and Plaintiff further suffered

the loss of enjoyment of life. Plaintiff's injuries are permanent and continuing in nature and Plaintiff will continue to suffer said losses in the future.

WHEREFORE, Plaintiff, Kim Rosario, hereby demands judgment for damages against the Defendant, NCL (Bahamas) Ltd., for an amount in excess of $75,000.00, exclusive of attorney's fees, but inclusive of pre-judgment interest and costs, and trial by jury of all issues triable as a matter of right.

## DEMAND FOR JURY TRIAL

The Plaintiff, in the above-styled action, hereby demands a trial by jury of all of the issues so triable.

DATED this 20th day of October, 2016.

*s/Jonathan B. Aronson*
Jonathan B. Aronson, Esq.
Florida Bar No. 434116
ARONSON LAW FIRM
7845 SW 53 Place
Miami, Florida 33143
Telephone:    (305) 662-1233
Facsimile:    (305) 662-1266
Email:   jaronson@aronsonlawfirm.com

*s/Robert Gross*
Robert Gross, P.A.
Florida Bar No. 0199478
Law Office of Robert Gross
7700 N. Kendall Drive
Suite 505
Miami, Florida 33156
Telephone (305) 670-9009
Facsimile: (305) 670-8009
Email: rgross@miamisealaw.com